TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0089-KB

IN RE: JOSEPH RILEY SCHWAMB

IN SUPREME COURT

## **OPINION AND ORDER**

Joseph Riley Schwamb was admitted to the practice of law in the Commonwealth of Kentucky on October 19, 2015. His Kentucky Bar Association (KBA) number is 96851, and his bar roster address is 1040 South 7th Street, Louisville, Kentucky 40203.

The KBA's Board of Governors (the Board) considered eighteen charges across four separate disciplinary cases against Schwamb: 22-DIS-0022, 22-DIS-0037, 22-DIS-0050, and 22-DIS-0144, all of which reached the Board as default cases under Supreme Court Rule (SCR) 3.210. The cases were consolidated pursuant to SCR 3.260 into KBA disciplinary case 22-DIS-0022. The Board found Schwamb guilty of all eighteen charges, and after considering applicable law, Schwamb's prior disciplinary history, and the applicable aggravating and mitigating factors, the Board voted 11-9 with one member absent to recommend that Schwamb be suspended from the practice of law for 181 days, that he reimburse all funds owed to his clients in KBA files 22-DIS-

0037 and 22-DIS-0144, and that he pay the certified costs of these proceedings in the amount of $772.21.

The Board now recommends that this Court adopt its findings of guilt and recommended sanctions. No notice of review has been filed, and this Court does not find any reason to review the decision. SCR 3.370(8); SCR 3.370(9). We therefore adopt the decision of the Board. SCR 3.370(10).

### *KBA File 22-DIS-0022*

On January 21, 2022, Schwamb was suspended from the practice of law for non-payment of his KBA dues for the July 1, 2021 - June 30, 2022 fiscal year and for non-compliance with minimum continuing legal education (CLE) requirements for the 2019-2020 and 2020-2021 combined educational years. On January 25, 2022, four days after the order of suspension was entered, Schwamb filed a motion for immediate disclosure of the opposing party's address in Jefferson Circuit Court Case No. 20-CI-502212. On January 26, he filed an entry of appearance for a different client in a different Jefferson Circuit Court Case: 20-CI-503876.

Schwamb was served with an Inquiry Commission Complaint via certified mail on February 23, 2022. The Complaint requested additional information regarding the Complaint and advised him failure to respond could result in an additional misconduct charge. He did not respond.

The Inquiry Commission issued a charge against Schwamb on July 11, 2022, alleging the following: **Count I:** Schwamb violated SCR 3.130(5.5)(a)[1] by filing a motion and an entry of an appearance while he was suspended; **Count II:** Schwamb violated SCR 3.130(5.5)(b)(2)[2] by filing an entry of appearance on behalf of a client while he was suspended; and **Count III:** Schwamb violated SCR 3.130(8.1)(b)[3] by failing to respond to the Inquiry Commission Complaint's lawful demand for additional information. The Board unanimously found Schwamb guilty of all three Counts.

### KBA File 22-DIS-0037

In September 2021, Cheong Yukyung sought Schwamb's representation in a child support and custody case. She paid him $2,500.00 on or about September 21st. She subsequently sent him emails, to which he sent no responses, on or about October 29, November 2, November 6, and November 9. On November 30, Schwamb and Ms. Yukyung exchanged emails and arranged to meet on December 1 and he resumed work on the case. After Schwamb was suspended on January 21, 2022, for failure to pay Bar dues and complete his CLE requirements, he did not inform Ms. Yukyung that he had been suspended.

---

[1] "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction[.]"

[2] "A lawyer who is not admitted to practice in this jurisdiction shall not . . . hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

[3] "[I]n connection with a disciplinary matter, [a lawyer] shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

After Schwamb sent an email on January 5, 2022, in which he told her he was ill, Ms. Yukyung did not hear from him again until February 15. On that date, Ms. Yukyung spoke with someone at Schwamb's office who informed her that he had not been working there since January 2022. Ms. Yukyung obtained Schwamb's new phone number and email address and sent him an email requesting a status update on her case and a refund if he had yet to file anything. Schwamb responded to her email and told her he was "in meetings all day" and asked if she was available the next morning, February 16, to discuss her case. She responded that she was, but the meeting never occurred. On February 17, Schwamb sent her an email telling her he had fallen ill the day prior and asked to schedule a phone call with her to discuss the case the following day at 10 a.m. On February 18, Ms. Yukyung sent him another email asking for her case status, outlining their communications to that point, asking what work he had performed on the case, and requesting a refund if had not yet filed anything. On February 21, Schwamb responded via an email stating he would send her a detailed invoice that day of all the hours he had worked on her case. He sent neither the invoice nor a refund.

Ms. Yukyung filed a Bar Complaint against Schwamb on February 18, 2022. He was personally served with the Complaint via certified mail on February 23. The Compliant included a request by the Inquiry Commission for additional information regarding the Complaint; it advised him that failure to respond could result in additional disciplinary charges. Schwamb did not file a response.

4

The Inquiry Commission issued a Charge against Schwamb on July 11, 2022. It asserted the following violations: **Count I:** Schwamb violated SCR 3.130(1.3)[4] by failing to perform the necessary work toward his representation of Ms. Yukyung; **Count II:** Schwamb violated SCR 3.130(1.4)(a)(5)[5] by failing to inform Ms. Yukyung that he was unable to continue representing her due to his suspension; **Count III:** Schwamb violated SCR 3.130(1.16)(d)[6] by failing to notify Ms. Yukyung that he was unable to continue representing her and by failing to return the unearned portion of her prepaid fee upon termination of the representation; **Count IV:** Schwamb violated SCR 3.130(3.4)(c)[7] by failing to inform Ms. Yukyung that he was suspended as required by SCR 3.390; **Count V:** Schwamb violated SCR 3.130(5.5)(a)[8] by continuing his representation of Ms. Yukyung after his suspension; and **Count VI:** Schwamb

---

[4] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] "A lawyer shall . . . consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law."

[6] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[7] "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[8] "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction[.]"

5

violated SCR 3.130(8.1)(b)[9] by failing to respond to the Bar Complaint's lawful request for additional information in relation to the Complaint.  The Board unanimously found Schwamb guilty of all six counts.

### KBA File 22-DIS-0050

At the time of his January 21, 2022, suspension Schwamb was representing Lindsay Rockwell in Jefferson Circuit Court Case No. 16-CI-502735, a child custody case.  He did not inform Ms. Rockwell that he was suspended.  On January 28, 2022, Schwamb sent Ms. Rockwell an email containing a client contract and a link to his PayPal account so that she could pay his retainer fee.  On or about February 1st, Schwamb accepted a $2,500.00 retainer fee.  Ms. Rockwell's case had a court date scheduled for March 2, 2022.  Schwamb incorrectly advised her that there was no court appearance scheduled for that date, which caused her to miss it.  Schwamb contacted the circuit court judge's staff attorney and informed her that Ms. Rockwell failed to appear due to his mistake.  Prior to the March 2 hearing, Schwamb spoke with opposing counsel and requested a continuance, but opposing counsel refused.

On August 30, 2022, Schwamb was personally served with an Inquiry Commission Complaint.  The Compliant included a request by the Inquiry Commission for additional information regarding the Complaint; it advised him

---

[9] "[I]n connection with a disciplinary matter, [a lawyer] shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

6

that failure to respond could result in additional disciplinary charges. Schwamb did not file a response.

On February 6, 2023, the Inquiry Commission issued a Charge against Schwamb alleging the following: **Count I:** Schwamb violated SCR 3.310(1.4)(a)(5)[10] by failing to inform Ms. Rockwell that he was suspended from the practice of law and was unable to represent her; **Count II:** Schwamb violated SCR 3.130(3.4)(c)[11] by failing to stop practicing law after his suspension and by failing to notify Ms. Rockwell of his suspension as required by SCR 3.390; **Count III:** Schwamb violated SCR 3.130(5.5)(a)[12] by continuing to represent Ms. Rockwell while he was suspended; **Count IV:** Schwamb violated SCR 3.130(5.7)(a)(6)[13] by accepting Ms. Rockwell's retainer fee while he was suspended; and **Count V:** Schwamb violated SCR 3.130(8.1)(b)[14] by failing to respond to the Bar Complaint's lawful request for additional information in relation to the Complaint. The Board unanimously found Schwamb guilty of all five Counts.

---

[10] "A lawyer shall . . . consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law."

[11] "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[12] "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction[.]"

[13] "During a period of suspension a suspended lawyer may not perform any of the following acts. . . receive, disburse, or otherwise handle a client's funds[.]"

[14] "[I]n connection with a disciplinary matter, [a lawyer] shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

Ashley Bishop hired Schwamb to represent her in Jefferson Circuit Court Case No. 21-CI-501899, a child custody case. She paid Schwamb $1,000.00 on November 30, 2020, and another $1,000.00 on December 1, 2020. Schwamb filed his entry of appearance in the case on November 29, 2020. Following his January 21, 2022, suspension, Schwamb did not inform Ms. Bishop of his suspension until March 1, 2022. He did not file a motion to withdraw from her case, did not provide her an accounting of her $2,000.00 fee, did not return any unearned portion of that fee, and did not return her client file.

On June 16, 2022, Ms. Bishop filed a Bar Complaint against Schwamb; he was personally served with the Complaint on August 30, 2022. The Complaint included a request by the Inquiry Commission for additional information regarding the Complaint; it advised him that failure to respond could result in additional disciplinary charges. Schwamb did not file a response. The Inquiry Commission issued a Charge against Schwamb on February 6, 2023, which alleged the following: **Count I:** Schwamb violated SCR 3.130(1.4)(a)(5)[15] by failing to inform Ms. Bishop that he was suspended and unable to represent her within ten days of the notice of suspension as required by SCR 3.390; **Count II:** Schwamb violated SCR 3.130(3.4)(c) by failing to

---

[15] "A lawyer shall . . . consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law."

notify Ms. Bishop of his suspension within ten days of the notice of suspension as required by SCR 3.390; **Count III:** Schwamb violated SCR 3.130(1.16)(d)[16] by failing to give Ms. Bishop reasonable notice of his suspension and consequent inability to represent her, by failing to return her client file, and by failing to refund any unearned portion of her prepaid fee; and **Count IV:** Schwamb violated SCR 3.130(8.1)(b)[17] by failing to respond to the Inquiry Commission's lawful demand for further information regarding the complaint. The Board found Schwamb guilty of Count I by a vote of 18-2 and unanimously found him guilty of the remaining three counts.

After the Board determined Schwamb's guilt in the foregoing disciplinary cases it considered his prior disciplinary history and applicable aggravating and mitigating factors. Schwamb's only prior discipline was his January 21, 2022, suspension for failure to pay Bar dues for the July 1, 2021 – June 30, 2022 fiscal year and for non-compliance with his CLE requirements for the 2019-2020 and 2020-2021 combined educational years. The Board found the following aggravating factors were present: a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary process by intentionally

---

[16] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[17] "[I]n connection with a disciplinary matter, [a lawyer] shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

9

failing to comply with the rules or orders of the disciplinary agency. The sole mitigating factor was Schwamb's inexperience in the practice of law.

With regard to its recommended discipline, the Board considered but rejected recommending a one-year suspension and instead recommended a one-hundred eighty-one (181)-day suspension. It further recommended that all unearned funds be returned to Ms. Yukyung (22-DIS-0037) and to Ms. Bishop (22-DIS-0144),[18] and that he pays the certified amount of $772.71 for the cost of these proceedings in accordance with SCR 3.450. Having reviewed the record, we agree with and adopt the decision of the Board.

For the foregoing reasons, it is hereby ORDERED that:

1. Joseph Riley Schwamb is adjudged guilty of violating four counts of SCR 3.130(5.5); four counts of SCR 3.130(8.1); three counts of SCR 3.130(1.4); three counts of SCR 3.130(3.4); two counts of SCR 3.130(1.16); one count of SCR 3.130(1.3); and one count of SCR 3.130(5.7) as charged in 22-DIS-0022, *et al.*;

2. Schwamb is suspended from the practice of law for one-hundred-eighty-one (181) days effective from the entry date of this Opinion and Order;

---

[18] We note that the Board did not recommend repayment of any unearned fees to Ms. Rockwell (22-DIS-0050). The Board found that Ms. Rockwell paid Schwamb a retainer fee, but it did not make a finding as to whether Schwamb failed to reimburse her; a finding that was specifically made in both the Yukyung and Bishop cases. Further, Schwamb was never charged with or found guilty of violating SCR 3.130(1.16), which mandates the refund of any unearned fees, in Ms. Rockwell's case, but he was found guilty of violating that rule in both the Yukyung and Bishop cases. This Court has accordingly not ordered the repayment of any unearned fees to Ms. Rockwell.

3. Schwamb shall refund all funds owed to Cheong Yukyung and Ashley Bishop;

4. Pursuant to SCR 3.390(b), Schwamb shall within twenty (20) days after the issuance of this order of suspension "notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which [he] has matters pending, and all clients of [his] inability to represent them and of the necessity and urgency of promptly retaining new counsel. [He] shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel . . . [He] shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension[.]"; and

5. Schwamb shall pay all certified costs associated with these disciplinary proceedings in the amount of $772.71 in accordance with SCR 3.450.

All sitting. All concur.

ENTERED: JUNE 13, 2024.

_____
CHIEF JUSTICE

11